**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |  |
|---|---|---|
| ALTON RAY LOVELESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1209 |
| | ) | |
| JOHN'S FORD, INC., | ) | |
| d/b/a Jerry's Leesburg Ford | ) | |
| Lincoln Mercury, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on Defendant's Motion for Judgment as a Matter of Law or, in the Alternative, New Trial and Defendant's Motion to Strike Plaintiff's Untimely Motions. Plaintiff filed a Complaint alleging age discrimination against his former employer. After a trial on June 1 and 2, 2005, the jury determined that Defendant had willfully violated the Age Discrimination in Employment Act and returned a verdict in favor of Plaintiff in the amount of $250,000.00.

Judgment as a Matter of Law is appropriate where "there is no legally sufficient evidentiary basis" to support the jury's verdict. Fed. R. Civ. P. 50(a)(1). The court must review the evidence "in the light most favorable to [the non-movant], giving them the benefit of all inferences." Duke v. Uniroyal, Inc., 928 F.2d 1413, 1417 (4th Cir. 1991). In making this determination, the Court is not permitted to retry factual findings or

credibility determinations reached by the jury. See Duke, 928 F.2d at 1419. Rather, the Court assumes that testimony in favor of the non-moving party is credible, "unless totally incredible on its face," and ignores the substantive weight of any evidence supporting the moving party. Id. Based on the evidence, if "a reasonable jury could return a verdict in favor of plaintiffs, the court must defer to the judgment of the jury, even if the court's judgment on the evidence differs." Id. at 1417. Alternatively, a new trial may be ordered, pursuant to Federal Rule of Civil Procedure 59, if the verdict (1) is against the clear weight of the evidence, (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent direction of a verdict. See Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998).

Defendant asserts three grounds for these motions. First, Defendant argues that Plaintiff failed to present any evidence that Defendant's legitimate reasons for terminating Plaintiff were pretextual. The Court finds, however, that there was ample evidence that Defendant's reasons for termination were pretextual, and that the factual dispute was properly before the jury. Second, Defendant claims that Plaintiff argued a disparate treatment case at trial even though Plaintiff failed to plead disparate treatment in the Complaint. The Court specifically

instructed Plaintiff's counsel not to argue disparate treatment of younger employees, and thereafter the Court precluded Plaintiff's counsel from arguing a disparate treatment case before the jury. Finally, Defendant argues that the jury's verdict was speculative with respect to back-pay damages because the testimony of Plaintiff's accounting expert as to back-pay was speculative and should have been excluded. When Defendant made this objection during trial, the Court sustained the objection and only allowed Plaintiff's expert to give a fact-based account of Plaintiff's monetary loss. As a result, the jury's verdict was based on factual testimony and was not speculative. Accordingly, the Court finds that neither Judgment as a Matter of Law nor a New Trial are appropriate, and it is hereby

ORDERED that Defendant's Motion for Judgment as a Matter of Law or, in the Alternative, New Trial is DENIED and Defendant's Motion to Strike is DENIED and Plaintiff shall notice his motions for equitable relief and attorney's fees and costs for a Friday hearing.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 11, 2005