**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |  |
|---|---|---|
| ALTON RAY LOVELESS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1209 |
| | ) | |
| JOHN'S FORD, INC. | ) | |
| d/b/a JERRY'S LEESBURG | ) | |
| FORD LINCOLN MERCURY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff's Motion for Liquidated Damages, Plaintiff's Amended Motion for Reinstatement or Front Pay, and Plaintiff's Second Amended Motion for Attorney's Fees and Costs. Plaintiff filed suit against Defendant alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (2000).

Defendant is a corporation organized under the laws of the Commonwealth of Virginia. Defendant operates several "Jerry's" automobile dealerships throughout Northern Virginia. Plaintiff, a resident of the Commonwealth of Virginia, was employed by Defendant's automobile dealerships from June 1975 to October 2003. On October 8, 2004, Plaintiff filed the aforementioned

Complaint in this Court, alleging that his removal from the position of Parts and Services Manager in Defendant's Leesburg dealership constituted impermissible age discrimination under the ADEA. See 29 U.S.C. § 623(a). The matter went to trial on June 1, 2005, and on June 2, 2005 the jury delivered a verdict for Plaintiff awarding him $250,000 and finding that Defendant willfully violated the provisions of the ADEA. While the issue of liability and damages were decided by the jury, Plaintiff has now moved this Court to award him attorney's fees and costs, liquidated damages, and to either reinstate him to his former position or award front pay.

The ADEA provides that its provisions are to be enforced pursuant to the remedy provision of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219 (2000). See 29 U.S.C. § 626(b). The FLSA remedy provision that is incorporated into the ADEA allows recovering Plaintiffs to receive reasonable attorney's fees and costs. 29 U.S.C. § 216(b). Plaintiff claims $54,820.00 in attorney's fees and $6,449.05 in costs. Courts generally consider twelve factors when calculating attorney's fees. See Riverside v. Rivera, 477 U.S. 561, 567-68 (1986) (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)); Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978) (adopting the twelve fee-shifting factors of Johnson, 488 F.2d at 717-19). An analysis of these factors follows.

Plaintiff's counsel, Annette Rubin (Rubin), is a 1992 graduate of George Mason University School of Law and has been practicing in the area of employment law litigation since then. Rubin is a solo practitioner that is assisted on a part-time basis by fellow attorney Christopher Dove (Dove). Dove is a 1999 Graduate of George Mason University School of Law and has been practicing in the area of employment law litigation since then. Both Rubin and Dove are members of the Virginia State Bar, and are admitted to practice before this Court. Rubin spent 178.4 hours on this matter at an hourly fee of $300. Dove spent 6.5 hours on this matter at an hourly fee of $200.

The sole issue decided by the jury in this matter was whether Defendant terminated Plaintiff's employment in violation of the ADEA. This matter did not present any novel or difficult legal issues, and the time spent by Rubin and Dove on this matter was reasonable. In addition, Rubin and Dove charged reasonable hourly fees compared to those charged in similar circumstances. Furthermore, in preparing for and trying this case, Rubin did not incur any opportunity costs and was not subjected to any extraordinary time limitations. Therefore, this Court finds that the $54,820.00 Plaintiff seeks in attorney's fees is reasonable. In addition, the $6,449.05 Plaintiff seeks in costs are within the allowable costs provided for by 28 U.S.C. § 1920 (2000).

As to Plaintiff's request for liquidated damages and reinstatement or front pay, this Court finds that such requests should be denied. The ADEA provides that liquidated damages may be granted when ADEA violations are willful, and that reinstatement or front pay is an acceptable form of equitable relief through which an injured party may be made whole. See 29 U.S.C. §§ 216(b), 626 (b). However, the ADEA also provides that the decision to award liquidated damages, order reinstatement, or award front pay is within the discretion of the court. See 29 U.S.C. § 626 (b). Reinstatement is an inappropriate remedy in this matter because the animosity that has developed between the parties makes it impossible for them to have a productive working relationship. Likewise, upon an examination of the facts in this case regarding Plaintiff's efforts to acquire similar or comparable employment in the automobile industry, this Court finds that an award of liquidated damages or front pay is inappropriate because it would create a windfall for the Plaintiff. The jury awarded loss of income from the date of termination until trial, and Plaintiff did not present evidence that he made diligent efforts and could not find employment. Plaintiff has been adequately compensated for any loss.

An appropriate Order shall issue.

```
                                        _____/s/_____
                                        CLAUDE M. HILTON
                                        UNITED STATES DISTRICT JUDGE
Alexandria, Virginia
September 23, 2005__
```